Day, J.
 

 Plaintiff in error Andrew Yoytko contends that the Court of Appeals erred in finding that subcontractors and materialmen held liens upon the consideration agreed to be paid by the owner to the principal contractor,
 
 i. e.,
 
 the old house; that it was error for the court in any case to order the sale of real estate in no sense the
 
 res
 
 of the action, and against which no relief had been sought in the action below. That the action of the Court of Appeals was a proceeding in error, not a trial
 
 de novo;
 
 and that it was not only error but a denial of the constitutional right to due process of law to there order the sale of. property not the subject of the action, and to decree enforcement of rights not asserted in the court of common pleas, as to which the plaintiffs in error never had an opportunity to present a defense.
 

 It is conceded that all the liens are regular in form and that each lienholder has fully complied with the statute.
 

 The crucial question to be determined in this case is whether or not Section 8313, General Code, providing that “the owner * * * shall not be liable to the subcontractors, material men or laborers for any greater amount than he contracted to pay the original contractor,” shall be regarded as denying recovery by the holders of mechanics’ liens herein on their liens on the new house, even though Section 8310 mak§s provision that “every person who
 
 *555
 
 does work or labor upon, or furnishes * * * material, * * * shall have a lien to secure the payment thereof * * # upon the interest * * * in the lot or land upon which they may stand, * * * to the extent of the right, title and interest of the owner.”
 

 Prior to the amendment of the Constitution in 1912, the right of lienholders, subcontractors, materialmen, etc., to direct liens did not exist; an act so providing being held unconstitutional by this court in
 
 Palmer & Crawford
 
 v.
 
 Tingle,
 
 55 Ohio St., 423, 45 N. E., 313. To meet this emergency, the amendment to the Constitution in 1912 was passed, Section 33, Article II, to the effect that “laws may be passed to secure to * * * subcontractors and material men, their just dues by direct lien upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the constitution shall impair or limit this power.”
 

 Pursuant to this constitutional amendment, Sections 8310 and 8313, General Code, together with other sections, were passed in April, 1913, constituting the so-called Mechanic’s Lien Code (103 Ohio Laws, 369). It is apparent that the constitutional intent was to give a direct lien to subcontractors and materialmen upon the structure and the lot upon which the same was situated, which structure their labor and material produced. The provision of Section 8313 in the expression, “shall not be liable to the subcontractors, material men or laborers for any greater amount than he contracted to pay the original contractor,” merely places a limitation on the owner’s liability; and the fact that the contract does not provide for payment in money, but for pay
 
 *556
 
 ment in some other form, does not operate to deprive the lienholders of their right to recover under the statute. The aggregate of the liens in this case does not exceed the amount named in the contract between the owner and the principal contractor.
 

 The verdict of the jury rendered in this case upon Ehret’s claim that he was entitled to personal judgment for money against Voytko did not affect the amount which Voytko had contracted to pay to Ehret, which was $5,050, although, as above indicated, the consideration was not payable in money but in the real estate to be exchanged. Being therefore of opinion that Sections 8313 and 8310 are not inconsistent as applied to this case, and that Section 8310 makes plain, provision for a lien upon the interest of the owner in any real estate upon which the labor and materials of subcontractors and materialmen have entered by the construction of a building thereon, it follows that the judgment and decree of the common pleas court should be affirmed and that of the Court of Appeals reversed.
 

 Judgment of the Court of Appeals reversed and judgment of the court of common pleas affirmed.
 

 Kinkade, Matthias and Allen, JJ., concur.